## LANZILLI *v.* MORISI.

---

### APPEAL AND ERROR.

On a motion to dismiss an appeal upon the ground that no notice to the appellee by citation or otherwise had been given, the appeal not having been taken in open court, it appearing that the motion was well grounded, and also that the appellant appeared in this court in his own behalf and seemed to be wholly ignorant of the modes of proceeding, this court caused an examination to be made of the entire record of the case, both in this court and the court below, to determine whether anything could be done for his relief, but finding the record to be in such condition that its deficiencies could not be remedied, the motion to dismiss was not retained until the cause came up on its merits, but was granted and the appeal was dismissed.

No. 1391.   Submitted March 24, 1904.   Decided April 6, 1904.

HEARING on a motion to dismiss an appeal.        *Granted.*

*Mr. L. A. Bailey* for the motion.

The appellant in proper person opposed

PER CURIAM:

A motion has been made on behalf of the appellee in this case to dismiss the appeal, on the ground that no notice of the appeal has been given to the appellee by citation or otherwise, the appeal not having been taken in open court, and, as it is stated, "upon other good grounds for dismissal appearing on the record." The motion for dismissal is made by counsel for the appellee appearing specially for the purpose.

Inasmuch as the appellant has appeared in this court as his own counsel, and seems to be wholly ignorant of our modes of procedure, we have been at more than usual pains to examine, not merely what is designated as the printed record in the case, but likewise the written transcript of record from the court below from which the printed record has been evolved; and we have even caused the records of the court below to be searched for the purpose of ascertaining, if possible, how far this appellant is the victim of his own want of knowledge of legal proceedings. We find that the appeal now prosecuted was not taken in open court, and that there was no citation thereupon to notify the appellee to appear in this court. The motion of the appellee is therefore well founded, and must be allowed, and the appeal dismissed.

But our examination of the record has not been merely for the purpose of ascertaining whether there was foundation for this motion, but mainly to enable us to determine whether there is anything that can be done for the relief of this appellant. We find absolutely nothing upon which this court can act. The so-called "printed record," which is utterly inadequate as a record for any purpose, contains only an order for the delivery of goods by the appellant to a purchaser of the goods, and an appeal therefrom, together with a wholly irrelevant statement by the appellant of his private grievances with counsel; but no testimony of any kind, and nothing whatever from which we could determine whether the order is right or wrong, with jurisdiction or without jurisdiction. With such a record as this, if the case were allowed to come to a hearing in the usual course we could do nothing ultimately but dismiss the appeal. Nor does the complete written transcript of record, such as has been filed in this court, improve the appellant's condition before us. While it contains apparently all the pleadings in the case, it is filled with irrelevant matter, and contains nothing of the testimony, and nothing of the proceedings before the auditor of the court, to both of which reference is made, but only a casual reference. In the absence of the testimony or of some substitute for it, it is impossible for us to take any action whatever other than to

dismiss the appeal. If the printed record is imperfect and insufficient, the written transcript is not less so; and we have nothing in this court upon which to review the action of the court below. It would be useless to retain the motion to dismiss until the cause comes up on its merits in the regular order; and it would be useless to allow a fuller record in the place of the printed record which has been placed before us, for there is nothing in the written transcript from which to supply the palpable deficiency.

*The appeal will be dismissed, with costs. And it is so ordered.*